IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JESSIE TERRELL RADFORD,                                                                      PLAINTIFF
ADC #655432

v.                                    5:18CV00044-KGB-JTK

DARYL GOLDEN, et al.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.      Introduction

Plaintiff Jessie Radford is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC), who filed this pro se action pursuant to 42 U.S.C. § 1983, alleging several claims against four Defendants. On March 20, 2018, this Court issued a Partial Findings and Recommendation that Plaintiff's claims against Defendants Golden, Hurst, and Savage be dismissed. (Doc. No. 12) At issue in this case is Plaintiff's remaining claim of sexual assault against Defendant Pickett.

This matter is before the Court on Defendant's Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 47-10). Plaintiff filed an Affidavit and Response (Doc. Nos. 53-54), Defendant filed a Reply (Doc. No. 57), and Plaintiff filed a Supplemental Response (Doc. No. 58).

## II.     Amended Complaint

Plaintiff alleged that Defendant Pickett visited his barracks on December 7, 2017 and asked him to approach the door to bring dirty rags. (Doc. No. 11, p. 6)   At that time, Pickett grabbed

his testicles and penis with her hand and asked him how it felt. (Id.)

**III. Summary Judgment**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

**A. Official Capacity**

The Court agrees with Defendant Pickett that Plaintiff's damages claim against her in her official capacity should be dismissed as barred by sovereign immunity. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 65-66 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

**B. Individual Capacity**

Defendant next asks the Court to dismiss Plaintiff's damages claims against her in her individual capacity based on qualified immunity, which protects officials who act in an objectively

3

reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Defendant states in her Declaration that she is employed as a corporal with the ADC and currently assigned to the Ester Unit in Pine Bluff, Arkansas. (Doc. No. 49-2, p. 1) On December 7, 2017, she worked at the Delta Regional Unit in Dermott, Arkansas, in a supervisory capacity over barracks 1 and 3 from 6:00 p.m. until 6:00 a.m. (Id.) At approximately 3:00 a.m. while she

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

was in the control booth for the barracks, Plaintiff appeared at the booth and she gave him several direct orders to leave the control booth window and return to his assigned bed. (Id., p. 2) Plaintiff refused her orders, pulled out his penis and moved it in a back and forth rapid motion with his hand. (Id.) Pickett then wrote a major disciplinary against Plaintiff. (Id.) Approximately 3:20 a.m., Pickett started to perform security rounds for the barracks and exited the control booth and walked down the hallway of barracks 3. (Id.) When she opened the door to barracks 3, Plaintiff Radford was at the door and tossed cleaning towels or rags out of the barracks. (Id., p. 3) Another officer, Corporal P. Jackson, walked up and joined her at the doorway and then walked just inside of the barracks to ensure everyone in the barracks was secure. (Id.) During that time, Plaintiff and Defendant remained at the entrance to the barracks and Defendant Pickett then closed the barrack door and returned to the control booth. (Id.) Defendant denies any physical contact with Plaintiff. (Id.)

Defendant also provided to the Court a copy of the hallway video which captured the interaction between Plaintiff Radford, Defendant Pickett, and Corporal Jackson. (Doc. No. 50) Defendant states that according to the video, she never entered barrack 3 and stood next to the door while interacting with Radford. Although Corporal P. Jackson entered the barrack doorway, Defendant remained at the doorway during this time. Plaintiff's complaints were investigated, and the incident was found without merit and unsubstantiated. (Doc. No. 49-9, p. 10)

Based on this evidence, Defendant asks the Court to dismiss Plaintiff's complaint for failure to prove that she sexually harassed him. Defendant also asks the Court to dismiss Plaintiff's complaint as frivolous and malicious and count the dismissal as a "strike" within the meaning of 28 U.S.C. § 1915(g).

In Response, Plaintiff states that Pickett's statements concerning his behavior in front of

the control booth are false, and that the video does not accurately reflect her sexual harassment of him because it occurred inside the barrack and not in the hallway. In his Supplemental Response, he complains about officials' responses to his allegations against Pickett and his subsequent placement into an isolation cell. (Doc. No. 58)

Defendant notes in her Reply that Plaintiff alleged in his complaints and grievance that the incident with her took place in the doorway of the barrack, but that he now claims for the first time in his response that the incident occurred inside the barrack. Defendant also attaches three still photographs from the video which show that she remained at the doorway in view of the video camera during the entire exchange with Plaintiff, and that it was Corporal Jackson who walked inside the barrack door. (Doc. No. 57-1)

To support a sexual harassment claim, Plaintiff must prove, "as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." Freitas v. Ault, 109 F. 3d 133, 1338 (8th Cir. 1997) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). Having reviewed the evidence provided by Defendant, and the complete lack of evidence provided by Plaintiff, the Court finds Defendant acted reasonably under the circumstances and that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right. The video clearly shows Defendant in full view during the entire incident, with no physical contact between Plaintiff and Defendant at any time. In addition, the ADC internal investigation into Plaintiff's allegations concluded that Plaintiff "made these allegations against staff due to disciplinary action that was taken against him earlier in the morning," and that his allegations against Pickett were without merit and "unsubstantiated." (Doc. No. 49-9, p. 10)

Defendant asks the Court to deem Plaintiff's allegation as frivolous and issue a strike, pursuant to 28 U.S.C. § 1915(g). An allegation or complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). And, a "district court has broad discretion in dismissal of complaints for frivolity" under 28 U.S.C. §1915(e). Hendricks v. Havener, 587 F.2d 21 (8th Cir. 1978). In this particular case, while Plaintiff's allegation of sexual harassment was not frivolous as a matter of law, given the revelation of the facts in this case, the Court finds that the allegation is frivolous for lack of an arguable basis in fact, and malicious.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion for Summary Judgment (Doc. No. 47) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice as frivolous and malicious.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 1st day of February, 2019.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.