# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JESSE TERRELL RADFORD
ADC #655432                                                                    PLAINTIFF

v.                          Case No. 5:18-cv-00044-KGB/JTK

DARYL GOLDEN, *et al.*                                                        DEFENDANTS

## ORDER

The Court has reviewed the two sets of Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. Nos. 12, 29). Plaintiff Jesse Radford filed objections to both sets of Proposed Findings and Recommendations (Dkt. Nos. 14, 32). After careful review of the two sets of Proposed Findings and Recommendations, a *de novo* review of the record, and a review of all objections, the Court adopts the first set and the second set of Proposed Findings and Recommendations as its findings in all respects (Dkt. Nos. 12, 29).

### I.     Background

Mr. Radford filed his original complaint *pro se* pursuant to 42 U.S.C. § 1983, alleging various unrelated claims against defendants Daryl Golden, Thomas Hurst, Temeka Pickett, and Corporal Savage (Dkt. No. 1). Judge Kearney directed Mr. Radford to file an amended complaint that sets forth "one claim (referring to one incident)" and the following:

> (1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; (3) how each individual violated the Plaintiff's constitutional rights; and 4) how he was harmed.

(Dkt. No. 5, at 4 (emphasis omitted)). In response, Mr. Radford filed an amended complaint (Dkt. No. 7). Judge Kearney noted that the amended complaint "cites only statement of law" and again directed Mr. Radford to file another amended complaint in compliance with the Court's prior Order

(Dkt. No. 10). Mr. Radford then filed his second amended complaint, again alleging claims against Mr. Golden, Mr. Hurst, Ms. Pickett, and Corporal Savage (Dkt. No. 11).

Mr. Radford later filed a motion for preliminary injunction (Dkt. No. 26). In this motion, Mr. Radford asserts that, while this action has been pending, he has been "forced to come in contact" with Ms. Pickett (*Id*., at 1). Mr. Radford also states that he is afraid that he will be retaliated against (*Id*.). As relief, Mr. Radford asks this Court to disallow any further contact between him and Ms. Pickett and to transfer him "to a safe unit of ADC away from Defendants Daryl Golden and [Ms.] Pickett." (*Id*., at 1-2).

**II. Discussion**

Mr. Radford's second amended complaint alleges claims pursuant to 42 U.S.C. § 1983, including claims that: (1) Corporal Savage filed a false disciplinary against Mr. Radford; (2) Mr. Hurst was involved in extending Mr. Radford's time in isolation; (3) Ms. Pickett sexually assaulted him and filed a retaliatory disciplinary against Mr. Radford; and (4) that Mr. Golden did not respond to Mr. Radford's request for law library materials (Dkt. No. 11, at 1-6). For the reasons discussed below, the Court adopts both Proposed Findings and Recommendations submitted by Judge Kearney as its findings in all respects (Dkt. Nos. 12, 29). The Court therefore dismisses without prejudice Mr. Radford's claims against Mr. Golden, Mr. Hurst, and Corporal Savage. The Court also denies Mr. Radford's motion for preliminary injunction (Dkt. No. 26).

**A. The First Set Of Proposed Findings and Recommendations**

The first set of Proposed Findings and Recommendations recommends the dismissal without prejudice of Mr. Radford's claims against Corporal Savage, Mr. Golden, and Mr. Hurst for failure to state a claim upon which relief may be granted and for violating the Court's prior Order to amend the complaint to allege only one claim (Dkt. No. 12). Mr. Radford filed a timely

objection, arguing that he did sufficiently allege a claim against Mr. Golden because he attached a grievance form that shows that Mr. Golden was aware that Mr. Radford was denied access to the law library (Dkt. No. 14).

The Court concludes that Mr. Radford has not sufficiently alleged a claim against Mr. Golden. The Eighth Circuit Court of Appeals has made it clear that being "the reader" of a grievance or the "decision maker" in the appeal of a grievance is not sufficient to make such an individual a party to the "grieved incident." *Champion v. Akins*, 498 Fed. App'x 670, 670 (8th Cir. 2013); *see also Rowe v. Norris*, 198 Fed. App'x 579, 580 (8th Cir. 2006) (determining that ADC deputy director's denial of grievances was insufficient to impose § 1983 liability on him). Instead, to satisfy the Prison Litigation Reform Act's exhaustion requirement, a prisoner must file a grievance specifically alleging that the "reader" or "decision maker" was personally "involved in the grieved incident." *Champion*, 498 Fed. App'x at 670. Mr. Radford's only allegations against Mr. Golden are that: (1) Mr. Golden did not terminate Corporal Savage after Mr. Radford wrote a grievance and (2) Mr. Golden was aware, *via* a grievance filed by Mr. Radford, that Mr. Radford was denied access to the law library (Dkt. No. 11, at 1-3). As Mr. Radford has not alleged that Mr. Golden was personally "involved in the grieved incident[s]," the Court dismisses without prejudice Mr. Radford's claims against Mr. Golden.

The Court also concludes that Mr. Radford has not sufficiently alleged claims against Mr. Hurst or Corporal Savage. Mr. Radford's second amended complaint fails to allege with specificity any action taken by Mr. Hurst that purportedly caused injury to Mr. Radford. Furthermore, while Mr. Radford does allege that Corporal Savage filed a false disciplinary charge against him, this allegation, without more, fails to support a claim for relief under § 1983. *See Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994) (holding that the filing of a false disciplinary

3

charge is not itself actionable under § 1983, but the filing of a disciplinary charge does become actionable if done in retaliation for the inmate's filing of a grievance). Here, Mr. Radford alleges that Corporal Savage falsely filed a disciplinary charge against him due to a fight he had with her brother (Dkt. No. 11, at 1). As this purportedly false disciplinary charge was not allegedly brought in retaliation for Mr. Radford's exercise of his protected rights, this claim is not actionable under § 1983. Accordingly, the Court dismisses without prejudice Mr. Radford's claims against Mr. Hurst and Corporal Savage.

### B. The Second Set Of Proposed Findings and Recommendations

Mr. Radford filed a motion for preliminary injunction, asking the Court to disallow any further contact between him and Ms. Pickett and to transfer him "to a safe unit of ADC away from Defendants Daryl Golden and [Ms.] Pickett." (Dkt. No. 26, at 1-2). The second set of Proposed Findings and Recommendations recommends denial of the motion for preliminary injunction (Dkt. No. 29). Mr. Radford filed an objection (Dkt. No. 32). After careful consideration, the Court concludes that the second set of Proposed Findings and Recommendations should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 29). Mr. Radford's motion for preliminary injunction is denied (Dkt. No. 26).

### III. Conclusion

It is therefore ordered that:

1. The Court adopts the first and second sets of Proposed Findings and Recommendations as its findings in all respects (Dkt. Nos. 12, 29).

2. The Court dismisses without prejudice Mr. Radford's claims against separate defendants Mr. Golden, Mr. Hurst, and Corporal Savage. The Court dismisses Mr. Golden, Mr. Hurst, and Corporal Savage as parties to this action.

4

3. The Court denies Mr. Radford's motion for preliminary injunction (Dkt. No. 26).

It is so ordered this the 26th day of March, 2019.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge