# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JESSIE TERRELL RADFORD                                                            PLAINTIFF
ADC #655432

v.                      Case No. 5:18-cv-00044-KGB/JTK

TEMEKA L. PICKETT                                                               DEFENDANT

## ORDER

Before the Court are the Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 59). Plaintiff Jessie Terrell Radford filed objections to the Proposed Findings and Recommendations (Dkt. No. 60). After careful consideration of the Proposed Findings and Recommendations, the objections, and a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 59).

Mr. Radford filed this action pursuant to 42 U.S.C. § 1983 alleging that defendant Temeka Pickett, a correctional officer, sexually assaulted him (Dkt. No. 11). Mr. Radford's other claims against separate defendants have been dismissed. The Court writes separately to address Mr. Radford's objections. In his objections, Mr. Radford argues that "at some point on 12/7/2017 athe [sic] AM in 3 barracks I was sexu[ally] har[]assed by defendant Pickett inside the barrack at the doorway not in the hallway" and that "the video and photo is to lead you a stray of the plaintiff['s] rights getting violated . . . ." (Dkt. No. 59).

First, the Court agrees with Judge Kearney that, as a matter of law, Mr. Radford's claims for damages against Ms. Pickett in her official capacity are barred by sovereign immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's

office."); *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (holding that Arkansas state employees are protected by sovereign immunity when sued for damages in their official capacity).

Second, after reviewing the record evidence, including the video submitted by Ms. Pickett, the Court agrees with Judge Kearney that Ms. Pickett is entitled to summary judgment as a matter of law on Mr. Radford's sexual assault claim because no reasonable juror could conclude that Ms. Pickett sexually assaulted Mr. Radford. Therefore, Mr. Radford's sexual assault claim against Ms. Picket is barred by qualified immunity. *See Pearson v. Callahan*, 555 U.S.S 223, 232 (2009) (holding that plaintiff must establish a violation of a constitutional or statutory right in order to be entitled to qualified immunity). The uncontroverted video evidence shows that at approximately 3:20 a.m. on December 7, 2017, Ms. Pickett exited the control booth and walked down the hallway towards "barracks 3" (Dkt. No. 50). When she opened the door to barracks 3, Mr. Radford was at the door and threw something out of the barracks (*Id.*). Another officer, Corporal P. Jackson, walked up and joined Ms. Pickett at the doorway to barracks 3 (*Id.*). Ms. Pickett and Ms. Jackson stood in the doorway of barracks 3 and spoke to Mr. Radford (*Id.*). At one point, Ms. Jackson does step into barracks 3, out of view of the video, but Ms. Pickett remains in the video's line of site for the entire encounter with Mr. Radford (*Id.*). At no time in the video does Ms. Pickett make physical contact with Mr. Radford.

The Court concludes that, once Ms. Pickett satisfied her initial burden under Federal Rule of Civil Procedure 56 to demonstrate through record evidence that there are no genuine issues of material fact in dispute, the burden then shifted to Mr. Radford to "discard the shielding cloak of formal allegations and meet proof with proof" as to the sexual assault claim. *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quotation and citation omitted). Mr. Radford has presented no additional proof to rebut the evidence presented by Ms. Pickett and instead relies

on his prior arguments and allegations. Mr. Radford presents no evidence or arguments that his alleged assault occurred at a different time or that the video is somehow altered or misleading. Accordingly, Mr. Radford has failed to meet proof with proof, and the Court grants summary judgment as a matter of law to Ms. Pickett on Mr. Radford's sexual assault claim against her in her individual capacity.

It is therefore ordered that:

1. The Court adopts the Proposed Findings and Recommendations in their entirety as the Court's findings in all respects (Dkt. No. 59);

2. The Court grants Ms. Pickett's motion for summary judgment and dismisses with prejudice Mr. Radford's claims against Ms. Pickett in both her official and individual capacities (Dkt. No. 47);

3. Dismissal of this action constitutes a "strike" within the meaning of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g);

4. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal this Order and an accompanying Judgment would not be taken in good faith.

So ordered this the 5th day of September 2019.

Kristine G. Baker
United States District Judge